**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

WINWARD BORA, LLC,

Plaintiff,

-against-

MICHAEL J. STELLATO, SANDRA SWITZER, TERESA FERRARA, RICHARD FERRARA, and CITIBANK SOUTH DAKOTA, NA,

Defendants.

---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 19-6137 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On April 9, 2019, Plaintiff Winward Bora, LLC ("Plaintiff") commenced the instant action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, *et seq*., against Michael J. Stellato, Sandra Switzer, Teresa Ferrara, Richard Ferrara, and Citibank South Dakota, NA ("Defendants") to foreclose on a mortgage encumbering 30 Franklin Avenue, Mastic, NY 11950 (the "Property"). *See generally* Complaint ("Compl.") [DE 1]. In light of Defendants' failure to answer or otherwise respond to the Complaint, the Clerk of Court issued a Certificate of Default against the Defendants on December 23, 2019, pursuant to Federal Rule of Civil Procedure ("Rule" or Fed. R. Civ. P.") 55(a). *See* DE 17.

On January 14, 2020, Plaintiff filed a motion seeking entry of default judgment, permitting foreclosure and sale under Rule 55(b). *See* DE 19. Judge Hurley referred Plaintiff's motion to this Court to determine "whether Plaintiff has demonstrated that the allegations in the Complaint establish the Defendants' liability such that the motion for default judgment should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded." *See* Electronic Order of January 15, 2020.

On July 23, 2020, this Court ordered Plaintiff to submit additional information to support the basis for damages specified in the default judgment and outlined the particular information required to be submitted. *See* DE 20. The Court notified Plaintiff that the **"[f]ailure to provide testamentary and documentary support sufficient to satisfy the Court that the damages sought are warranted will result in a recommendation that no damages be awarded."** *Id*. at 2 (emphasis added). Plaintiff was further given until August 6, 2020 to submit this information. *Id*. On August 4, 2020, Plaintiff filed a motion seeking to extend the time to comply with the Court's July 23, 2020 Order to September 11, 2020. *See* DE 22. The Court granted Plaintiff's motion but advised that further extension requests would not be granted absent a showing of good cause. *See* Electronic Order dated August 11, 2020. To date, Plaintiff has not submitted the additional documentation requested and required to support the basis for damages specified in the default judgment, in compliance with the Court's July 23, 2020 Order. It is within the discretion of the Court to decline to award damages pursuant to a default judgment where plaintiffs who have secured the default judgment fail to submit documentary evidence to substantiate a calculation of damages. *See Baca v. 24 Hour Laundromat*, No. 15-CV-6707, 2017 WL 1216574, at *1 (E.D.N.Y. Mar. 31, 2017); *Hosking*, 570 Fed. App'x at 31 ("Hosking's supplemental motion consisted of a three-page memorandum of law, seven declarations from former employees, and 'consent-to-join' forms from 43 of the 45 opt-in plaintiffs. We conclude that the district court did not abuse its discretion in holding that these submissions were simply too vague to support Hosking's $4 million demand.").

Given these circumstances, this Court respectfully recommends to Judge Hurley that Plaintiff's motion for default judgment of foreclosure and sale against the Defendants be DENIED, at this time. The Court leaves it to the discretion of Judge Hurley whether he wishes

to permit Plaintiff additional time to renew the motion, assuming Plaintiff is in a position to provide the additional evidentiary information required.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Denis R. Hurley. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F. 3d 98, 107 (2d Cir. 2003)); *Savoie v. Merchants Bank*, 84 F. 3d 52, 60 (2d Cir. 1996) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 n.2 (2d Cir. 1983)).

**Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon the Defendants forthwith by overnight mail and first-class mail and to file proof of such service on ECF by September 22, 2020.**

**SO ORDERED.**

Dated: Central Islip, New York
September 18, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge